UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

MARTHA RODRIGUEZ CANDIA,
Plaintiff,

v.

EXECUTIVE AIRLINES,
Defendant,

Civil No. 98-1152 (HL)

**OPINION AND ORDER**

Before the Court is a motion for summary judgment by Defendant Executive Airlines. Executive is a division of American Airlines, with offices in San Juan, Puerto Rico. Plaintiff is Martha Rodríguez Candia ("Rodríguez"), a former Executive employee. She brings this claim for monetary relief pursuant to the Americans with Disabilities Act ("ADA").[1] Executive has filed a motion for summary judgment and a reply to Rodríguez' opposition. Rodríguez has filed an opposition and a sur-reply. Additionally, pursuant to an order of the Court, the parties have filed supplemental briefs on the issue of reasonable accommodation. With the benefit of all these briefings, the Court is now in a position to rule.

The Court reviews the record in the light most favorable to Rodríguez and draws all reasonable inferences in her favor. *See LeBlanc v. Great American Ins. Co.*, 6 F.3d 836, 841 (1st Cir. 1993). Rodríguez began working for Executive in July 1992 as a fuel agent in the ramp department. After a month, she requested to be switched to the cabin service

---

[1] 42 U.S.C.A. §§ 12101 - 12213 (West 1995 & Supp. 1999).



AO 72A
(Rev.8/82)

Civil No. 98-1152 (HL)                                2

within the ramp department. Employees in the cabin service were responsible for cleaning out a plane after a flight and preparing it for the next one. This work included taking out garbage; pumping out the lavatories with a large hose; changing blankets and pillowcases; and carrying boxes and books into the plane. The work was hectic and required heavy lifting; going up and down stairs; and a lot of bending over and standing. Rodríguez also sometimes worked in the loading and unloading of baggage from the planes and in "weight and balance" which dealt with the weight distribution of luggage within the planes.

In the course of her work with Executive, Rodríguez suffered four accidents or injuries. In April 1993, she fell and hurt her right knee and left shoulder; in April 1994, she fell down a set of stairs and injured her neck and lower back; in August 1994, she fell on her left knee; and in February 1995, she developed carpal tunnel syndrome in her right hand. The result of these injuries was that Rodríguez became progressively less able to meet the physical requirements of work in cabin service. As a result of her injuries, Executive placed Rodríguez in a series of temporary positions which required less exertion than her position in the ramp department. Starting in February 1995, she went on a ten-month medical leave of absence, during which she had two operations. When she returned to work, she was assigned to do clerical work in the ground equipment department. After working there for four months, she was placed in the uniforms department. She worked there until January 1997. At that time, her position was terminated, and Rodríguez was placed on two-year medical leave.

Civil No. 98-1152 (HL)                                3

Rodríguez then filed the present action, claiming that Executive denied her reasonable accommodations and discriminatorily discharged her in violation of the ADA. In its motion for summary judgment, Executive claims that Rodríguez was not qualified to perform the essential functions of her position in the ramp department and that Executive provided her with reasonable accommodations. Rodríguez has opposed the motion for summary judgment. For the reasons set forth below, the Court denies the motion for summary judgment.

## DISCUSSION

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has satisfied this requirement, the nonmoving party has the burden of presenting any facts that demonstrate a genuine issue for trial. Fed. R. Civ. P. 56(e); *LeBlanc*, 6 F.3d at 841. The nonmovant must do more than show "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). An issue is genuine when, based on the evidence, a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Civil No. 98-1152 (HL)										4

"The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252, 106 S.Ct. at 2512.

The ADA prohibits an employer from discriminating against a qualified individual with a disability because of that individual's disability. 42 U.S.C.A. § 12112(a); *Soto-Ocasio v. Federal Express Corp.*, 150 F.3d 14, 18 (1st Cir. 1998). For a plaintiff to succeed on a claim of unlawful discrimination under the ADA, he must prove by a preponderance of the evidence all three of the following essential elements: (1) he was disabled, as defined by the ADA; (2) he was a qualified individual able to perform the essential functions of his job, with or without reasonable accommodation; and (3) he was discharged because of his disability. *Lessard v. Osram Sylvania, Inc.*, 175 F.3d 193, 197 (1st Cir. 1999); *Quint v. A.E. Staley Mfg. Co.*, 172 F.3d 1, 9 n.3 (1st Cir. 1999); *Tardie v. Rehabilitation Hosp. of Rhode Island*, 168 F.3d 538, 541 (1st Cir. 1999). The plaintiff has the burden of proving all three of these elements. *Lessard*, 175 F.3d at 197.

In its motion, Executive assumed that Rodríguez met the first prong.[2] It is the second prong on which Executive bases its arguments. It argues that Rodríguez was not qualified to perform the essential functions of her position and that she was provided with reasonable accommodations. Rodríguez has the burden of establishing that she was able to perform the essential functions of her job in the ramp department with or without

---

[2] Docket no. 37, at 2 n.1.

Civil No. 98-1152 (HL)                          5

reasonable accommodations. The record is replete with her own admissions that she could not perform the essential functions of this position.³ Furthermore, she has not proffered evidence of a reasonable accommodation that would have allowed her to perform these essential functions.

The fact that a plaintiff is unable to perform the essential functions of her original position does not end the analysis. *Feliciano v. Rhode Island*, 160 F.3d 780, 786 (1st Cir. 1998). Rodríguez argues that she should have been given another permanent position at Executive. A reasonable accommodation may include reassigning an employee to a vacant position. 42 U.S.C.A. § 12111(9)(B); *Feliciano*, 160 F.3d at 786; *see also Bratten v. SSI Services, Inc.*, __ F.3d __ 1999 WL 529409, at *8 (6th Cir. July, 23, 1999) ("[T]he ADA requires an employer to consider re-assignment to a vacant position if the disabled employee cannot be reasonably accommodated in his or her current job."). In the case of a reassignment, the employee has the burden of demonstrating that a vacant position exists and that she was qualified for it. *McCreary v. Libbey-Owens-Ford Co.*, 132 F.3d 1159, 1165 (7th Cir. 1997); *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997); *Mengine v. Runyon*, 114 F.3d 415, 419 (3rd Cir. 1997). The employer then has the burden of showing that the sought-after accommodation would constitute an undue hardship. *Walton v. Mental Health Ass'n*, 168 F.3d 661, 670 (3rd Cir.

---

³ Docket no. 37, exhibit A-1, at 33, 62, 72, 74, 97-98, 122, 140, 163, 241; exhibit A-3, at 15-16, 22-23, 41, 44.

Civil No. 98-1152 (HL)                                6

1999); *Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1046-47 (9th Cir. 1999); *Cehrs v. Northeast Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 781 (6th Cir. 1998).

In the present case, Rodríguez argues that she could have been reasonably accommodated with positions in Executive's uniforms, catering, or ramp departments. With regards to the position in the catering department, however, the evidence in the record–including Rodríguez' own testimony–indicates that she was physically unable to perform the essential functions of that position.[4] And as for the job in the uniform department, there is evidence that the position required knowledge of accounting and that Rodríguez had failed the accounting part of the test she had to take for the position.[5] Thus, Rodríguez has not met her burden with regard to showing that she was qualified for these two positions.

It is the position in the ramp department which gives the Court pause. Rodríguez claims that while she was on medical leave, Executive offered her a position as secretary in the ramp department; that she was qualified for it; but that when she came back from medical leave, the position had been filled. She has adduced evidence to support these claims.[6] With this evidence, Rodríguez has met her burden of showing that there was a vacant position for which she was qualified. The burden then falls to Executive to show

---

[4] Docket no. 37, exhibit A-3, at 65, 85; exhibit B.

[5] Docket no. 37, exhibit A-3, at 70-71, 73; exhibit B.

[6] Docket no. 45, exhibit 1, at 167-68.

AO 72A
(Rev.8/82)

Civil No. 98-1152 (HL)                                7

that placing Rodríguez in this position would have been an undue hardship. *See Walton*, 168 F.3d at 670; *Zukle*, 166 F.3d at 1046-47; *Cehrs*, 155 F.3d at 781.

In the supplemental brief ordered by the Court, Executive proffered a sworn statement by José Vélez Rubio ("Vélez"), the manager of the ramp department during the time relevant to this controversy. Vélez states that the ramp department secretary was in charge of payroll records and time cards and had to prepare drafts of letters and memoranda; that the position was an essential one for the functioning of the department; that he had told Rodríguez in May 1995 that she would be considered for the position; but that because she was on medical leave for an unspecified duration in May 1995, the position could not be kept open for her.[7] This statement is sufficient for Executive to meet its burden of showing that it would have been an undue hardship to leave the position open indefinitely so that Rodríguez could fill it when she returned from medical leave. An employer is not required to wait indefinitely to allow an accommodation to achieve its intended effect. *Ayala v. Lederle Parentals, Inc.*, 20 F.Supp.2d 312, 315 (D.P.R. 1998).

In her supplemental brief, however, Rodríguez also adduces evidence that in February 1996, after she returned from medical leave, Executive posted an opening for the ramp secretary position, she applied for it, and Vélez interviewed her. He told her that she

---

[7] Docket no. 69, exhibit B.

Civil No. 98-1152 (HL)                               8

would have a position, but a few weeks later the position was given to someone else.[8] Rodríguez again meets her burden with this evidence of showing that there was a vacant position for which she was qualified. There is no evidence from Executive to show why Rodríguez was not placed in this permanent position in February 1996. Thus, Executive has not met its burden at this stage. Accordingly, there is a genuine issue of material fact as to whether Executive failed to provide Rodríguez with a reasonable accommodation when it did not offer her the position of ramp secretary in February 1996.[9]

WHEREFORE, the Court hereby **denies** Executive's motion for summary judgment (docket no. 37).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 21, 1999.

HECTOR M. LAFFITTE
Chief U.S. District Judge

---

[8] Docket no. 71, exhibit A-2, at 18-19.

[9] An analysis under the *McDonnel-Douglas* burden-shifting framework would yield the same result. Under that standard, Rodríguez has met her burden of establishing a prima facie case. It then falls to Executive to present a legitimate nondiscriminatory reason for not providing Rodríguez with the ramp secretary position in February 1996. *See Laurin v. Providence Hosp.*, 150 F.3d 52, 58-59 (1st Cir. 1998). Executive has adduced no evidence on this issue. Thus, it fails to meet its burden at this stage.

AO 72A
(Rev.8/82)